[No. 3,637.]

VOLNEY E. HOWARD AND D. W. PERLEY *v.* SAMUEL R. THROCKMORTON, E. L. GOOLD AND JOSEPH P. THOMPSON ET AL.

SUIT FOR SPECIFIC PERFORMANCE.—Although, when an attorney contracts to perform legal services for a client in consideration of receiving a portion

Statement of Facts.

of the property about which the litigation is to be carried on, he cannot maintain an action for a specific performance while the contract remains unperformed on his part; yet, if he can show a substantial performance on his part, he is as fully entitled to maintain such action as he would be if the agreement on his part had been for the payment of money.

PRESUMPTION AS TO FINDING OF FACTS.—The presumption is that all the material issues were found in favor of the party who recovers a judgment.

ADMISSION IN ANSWER.—If a defendant in his answer admits a material allegation in a complaint, he is afterwards precluded from contesting it.

SPECIFIC PERFORMANCE OF A CONTRACT.—If a client contracts with his attorney to convey to him a portion of the property in litigation, in consideration of legal services to be rendered, the facts, that the property afterward enhances in value, and that such enhancement is, in a material degree, the result of the labor and money of the client, are no valid objection to a decree for a specific performance of the contract.

APPEAL from the District Court, Seventh Judicial District, County of Marin.

On the 7th day of August, 1855, William A. Richardson, his wife Maria A. Richardson, and others, their relatives, were the owners of a tract of land known as the Saucelito Rancho, containing four square leagues, lying in the county of Marin, and another tract known as the Albion Rancho, lying in Mendocino County, containing twenty square leagues, and some town lots in San Diego. The Marin County Rancho was heavily encumbered, and proceedings were pending for the final confirmation of both tracts, and litigation was pending and about to be commenced to enforce liens, encumbrances, etc.

The plaintiffs, Howard & Perley, were partners in the practice of law in San Francisco, and were Richardson's attorneys. They advised him to convey his property to some business man who had the capacity to manage it, in order to have the encumbrances paid off, and to save some portion of it, and selected the defendant Throckmorton as a proper person to receive the conveyance. On said day Richardson and the others conveyed to Throckmorton. The conveyance recited that it was made upon the conditions that Throckmorton should sell so much of the land as he deemed necessary to pay all debts which were a lien on the

property, and should sell the land within three years, and pay to the grantors one fifth of all proceeds over and above what was required to pay all debts and his own expenses and expenses of litigation; or, at his option, he might convey to the grantors an undivided one fifth of what remained after the debts and expenses were all liquidated. Throckmorton was to conduct all litigation, defend all suits, etc. The plaintiffs testified that there was an understanding between them and Throckmorton, before the deed was executed, that he should employ them as his attorneys in all litigation concerning the property. On the 21st day of August following, Throckmorton and Howard & Perley entered into a contract by which Howard & Perley were to "conduct and manage the legal part of the business arising out of, and connected with, the said property," and were "to commence and conduct all suits in law or equity, which may be necessary or proper, in order to set aside or remove any of the encumbrances now existing against the said property, or any part thereof; and they also agree to defend any and all suits that may be commenced in any of the Courts of this State, or in the District or Circuit Court of the United States, in California, or appealed to the Supreme Court of the United States, by any of the parties holding encumbrances on any part of said property against said Throckmorton or said Richardson, or by any other person claiming under said Throckmorton, and all suits which may arise out of said transactions, until the final decision and settlement of the same."

" And they (H. & P.) further agree at all times to give their advise to said Throckmorton on any question that may arise concerning the said property; * * * * * and to do and perform all legal business appertaining to the duties of attorneys and counsellors, arising out of, and connected with, the said property."

Upon compliance by Howard & Perley, Throckmorton undertook to pay Howard & Perley one fifth of the net profits, after deducting all advances, all encumbrances, the expenses of litigation, etc., etc., and to transfer one fifth of the residue to Howard & Perley.

The deed to Throckmorton was superseded by another, on the 9th day of February, 1856, in which the clause requiring Throckmorton to sell in three years, was left out, but in other respects the conditions were the same.

There was much litigation concerning the property, which lasted for many years, and several of the suits were appealed to the Supreme Court.

The plaintiffs claimed that they had fulfilled all the conditions of the contract on their part, by giving their personal attention to the litigation, and by employing defendant Goold, who was an attorney, to represent and act for them.   They assigned an undivided one half of what they were to receive under the contract to Goold, in 1858, in consideration of his legal services to be thereafter rendered.   In 1868 the litigation had been ended, and Throckmortion had received some four hundred thousand dollars, for sales made of portions of the Saucelito Rancho, and had paid all the debts; and there was about sixteen thousand acres of the Saucelito Rancho, and all the other land remaining unsold.   Howard & Perley demanded of Throckmorton a fulfilment of the contract, which he re-refused.   This action was then commenced for an accounting, and for a specific performance.   Goold was made a defendant under an allegation that he had been asked to join as plaintiff, and had refused.   Throckmorton relied principally for a defense on the alleged fact, that Howard & Perley had failed to comply with the contract, and that he had been compelled to employ other attorneys.   There was no finding of facts, but the Court below decreed a specific performance, and referred the matter to a referee to take an account.   Upon the coming in of the report, judgment was rendered in favor of the plaintiffs, for sixteen thousand one hundred and eleven dollars and fifty-four cents, and in favor of Goold for the same sum, and the defendant Throckmorton was ordered to convey to Howard & Perley an undivided two twenty-fifths of the land unsold, and to Goold the same quantity.   The defendant Throckmorton appealed.   The other defendants were made such under allegations, that they had bought portions of

the Saucelito Rancho, and given notes for the same, and mortgages to secure the notes, which were in Throckmorton's hands.

The other facts are stated in the opinion.

*W. H. Patterson*, for Appellants.

The contract was for personal professional services. Throckmorton could not have compelled a specific performance; therefore it cannot be adjudged against him. (*Cooper* v. *Pena*, 21 Cal. 403; *Owen* v. *Frink*, 24 Cal. approving; *Cooper* v. *Pena*; *Vassault* v. *Edwards*, 43 Cal.; *Bayard* v. *McLane*, 3 Harrington, Del. 139; *Duval* v. *Meyers*, 2 Maryland, Chy. 401; Fry on S. P. Secs. 56, 58 and 59.)

*Alexander Campbell*, also for Appellants.

The authorities, both in England and the United States, and also in the State of California, fully establish the general rule, that to warrant a decree for specific performance, the remedy must be mutual; *i. e.*, the contract must have been such originally, that either party would be entitled to a decree for a specific performance, on a failure to perform by the other; and it is equally well established that a contract for personal services, involving the exercise of skill, cannot be specifically enforced against the party agreeing to render the services. (Fry on Spec. Per. 68.)

This rule, like all others, is subject to occasional exceptions. Among them is mentioned the case where there has been a strict performance on one side and a failure to perform on the other; and where, from the nature of the contract or the circumstances of the case, the party injured could have no adequate relief at law.

But in all these instances the complainant must be able to show that he has, to the fullest extent, and in the best possible faith, discharged all the obligations which devolved upon him. If he has failed in any material respect, he cannot invoke the aid of a Court of equity to enforce specific performance by the other side.

The authorities upon these points are fully set forth in the original brief in this case, prepared by Mr. Patterson.

We may add, however: First—that in no case will part performance enable the Court to intervene where it has no jurisdiction of the original subject-matter of the contract. (Fry on Spec. Per. p. 67; *Whitney* v. *New Haven,* 23 Conn. 624.) Second—Where the acts alleged as part performance are proper to be brought before a jury, and can be answered in damages, non-performance of the contract does not constitute that fraud which is the origin of the Court's jurisdiction in cases of part performance in this respect as well as when treated as an exception to the Statute of Frauds. (Fry, 68; *South Wales Railway* v. *Wythes,* 1 K. & J. 186; Fry, p. 262, Sec. 405.)

*Williston* v. *Williston,* (41 Barb. 635,) was a case where the defendant had agreed to convey a lot, on the condition that the plaintiff would keep up certain fences. The plaintiff did so for twenty years. The defendant refusing to convey, the Court enforced specific performance, because the refusal operated under the circumstances of that case as a fraud on the plaintiff.

*V. E. Howard, in pro. per.,* for Respondent.

The first objection to a specific performance interposed by the defendant is the want of mutuality. The objection is not set up in the answer as a defense, but raised on the argument.

As it cannot be urged to the contract, we presume it is intended to assert, that, there ought not to be a specific performance, because there is a want of mutuality in the remedy, as the plaintiffs could not have been compelled to render specific performance of the personal services. This objection would come with some force, if this was a bill to compel the reception or rendition of personal services, where nothing had been done under the contract.

The true rule in such cases was stated by Lord Redesdale in *Laurenson* v. *Butler,* 1 Schoales and Le Froy, p. 13, that: " A Court of equity ought not to decree a specific performance in a case where nothing has been done in pursuance of the agreement, except when both parties had by

the agreement a right to compel a specific performance according to the advantage which it might be supposed that they were to derive from it."

This distinction is commented upon with approbation in *Hall* v. *Center*, 40 Cal. It is also said in that case, that the rule is far from being universal. In the late case of *Salasbury* v. *Hatcher*, 2 Young and Collier, p. 54, the Vice Chancellor held: "It is contrary to principle and authority to say that perfect mutuality is requisite in order to call a Court of equity into action.

" When no legal invalidity effects the contract, the enforcement of it in this Court is a matter of judicial discretion."

It is not questioned that complete performance takes the case out of the rule. It is so said in *Cooper* v. *Pena*, 21 Cal.

In the case of the *Des Moines R. R. Co.* v. *Graff* (27 Iowa, p. 99), which was a case in equity to compel parties to pay a subscription to a railroad, on condition that it ran through a certain place, where there was no obligation on the company to construct it; the Court said: " It is plain law, if A. promised to pay B. a sum of money if he will do a particular act, and B. does the act, A. is liable, though B. did not, at the time of the promise, engage to do the act; for upon the performance of the condition by the promisee, the contract is clothed with a valid consideration, which relates back, and the promise at once becomes obligatory. (*Goodpaster* v. *Porter*, 11 Iowa, 166.) Plaintiff alleges performance on his part; and thus consideration is shown, and the objection of a want of mutuality removed." The rule is the same as to personal services by an attorney. (*Allcorn* v. *Butler*, 9 Texas, 56.)

It is equally well settled, that part performance removes the objection, if it is of a substantial part. The part performance of a contract may give the Court jurisdiction where it would not otherwise have it. (Fry on Specific Performance, pp. 67, 99, 54; 2 Story's Eq. Secs. 759, 774.) When the parties cannot be placed in the same situation, owing to the acts of one of the parties, it is considered that

the contract is complete in equity. (*Willitson* v. *Willitson*, 41 Barb. 635, 520.) After thirteen years' services under a contract, it is too late to set up the want of mutuality, because it would be fraud. (41 Barb. 635.)

Mutuality may be waived by the subsequent conduct of the person against whom the contract could not originally have been enforced. (Fry, p. 201, Secs. 293, 297.) It has been waived in this case by the reception of the services for a series of years.

*J. P. Hoge,* also for the Respondents.


By the Court, RHODES, J.:

The Court found that the plaintiffs and Goold had duly performed the contract of August 21, 1855, made between the plaintiffs and Throckmorton. From the pleadings and judgment the implication is that the Court also found that each of the plaintiffs assigned to Goold one half of the compensation to which he was entitled under that contract, on condition that he (Goold) would render professional services as specified in the contract; that Throckmorton had notice of such assignment, and accepted and availed himself of the professional services of Goold. There was evidence to sustain those findings.

There was not an exact performance of the contract by the plaintiffs and Goold—some services about the matter having been performed by others; but within the doctrine of *Ballard* v. *Carr, ante* p. 74, there was a substantial performance.

While it is true, as a general proposition, that a party who has contracted to perform services of the character mentioned in the contract in this case cannot maintain an action for specific performance while the contract remains unperformed on his part, yet if he can show a substantial performance on his part, he is as fully entitled to maintain such action as he would be if the agreement on his part had been for the payment of money. (See *Ballard* v. *Carr, supra.*)

Points decided.

It is testified by Throckmorton that at a certain stage in the business he regarded the contract of 'August 21, 1855, as abandoned, but it is by no means clear that Howard & Perley so intended. The finding was against the abandonment, and we see no grounds upon which the finding can be disturbed.

The defendant, Throckmorton, is precluded by the pleadings from raising the point that litigation in respect to the Saucelito Rancho' was pending at the commencement of the action, the answer having addmitted that all the litigation in respect to the property mentioned in the agreement had ended and terminated.

The fact that the property has greatly enhanced in value since the contract between Throckmorton and Howard & Perley was made, and that such enhancement was in a material degree the result of the labor and money of Throckmorton, presents no valid objection to the decree for specific performance. Howard &.Perley did not undertake to perform the labor which it is alleged was performed by Throckmorton, nor to furnish money to be used for the purpose of removing the encumbrances on the property, or for any other purpose in respect to it. Besides this, the answer contains no averment that Throckmorton performed any services or expended any money upon, or in respect to, the property other or different from what was contemplated by the parties to the contract.

Judgment and order affirmed. Remittitur forthwith.

Mr. Justice McKINSTRY did not express an opinion.