[No. 9,143.   Department One. — August 26, 1884.]

A. D. MOORE ET AL., APPELLANTS, v. J. C. KERR ET AL., RESPONDENTS.

CONTRACT — AGENT — ACCEPTANCE. — Where the parties to a building contract agree upon an agent who is authorized by the agreement to accept or reject the work when completed, his acceptance is binding and conclusive, in the absence of fraud or mistake.

APPEAL from a judgment of the Superior Court of the county of San Joaquin, and from an order refusing a new trial.

The facts are stated in the opinion.

J. C. Campbell, F. T. Baldwin, and W. R. Davis, for Appellants.

J. A. Louttit, and Byers & Elliott, for Respondents.

THORNTON, J. — The contract under which the plaintiff's claim was found by the court is as follows: —

"This agreement made and entered into this 26th day of July, A. D. 1880, by and between The California Bridge Company of Oakland, Cal., party of the first part, and Gardner Day, M. E. Bryant, J. C. Kerr, D. J. Locke, George Ringer, Isaac Rogers, G. C. Holman, J. Cotton, and George S. Locke, all of San Joaquin County, Cal., parties of the second part, witnesseth: That the said bridge company hereby agrees to furnish all materials for, and construct a bridge over the Mokelumne River, at the town of Lockeford, in said San Joaquin County, in accordance with the plans and specifications therefor adopted by the board of supervisors of said county, and

on file with the county clerk of said county, said bridge to be built under the direction and to the satisfaction of the superintendent appointed by said board, in good and workmanlike manner, and to be completed within four months from date. In consideration of which the said parties hereby agree to pay, or cause to be paid, to the said first party, the just and full sum of forty-five hundred ($4,500) dollars, gold coin, or equivalent (in addition to the fifteen hundred dollars which is to be paid said company by said county towards the construction of said bridge), said sum to be paid as follows, viz.: When all the materials are on the ground and all the piles are driven, then the sum of three thousand ($3,000) dollars shall be paid, and the balance shall be paid upon the completion and delivery of said bridge to said San Joaquin County. It is hereby understood and agreed that said bridge is to be built for a free bridge for San Joaquin County, and is to be delivered to said county when completed. It is hereby further agreed that said bridge shall consist of one span of one hundred and thirty feet on the main channel, and six hundred and twenty feet of trestle-work. In witness whereof the parties hereto have hereunto set their hand and seal, the day and date first above written.

[SEAL.]                    "THE CALIFORNIA BRIDGE CO.,
                    "By ALFRED W. BURRELL, President.
[SEAL.]                              "J. C. KERR,
[SEAL.]                              "D. J. LOCKE,
[SEAL.]                              "GEO. RINGER,
[SEAL.]                              "ISAAC ROGERS,
[SEAL.]                              "G. C. HOLMAN,
[SEAL.]                              "J. COTTON,
[SEAL.]                              "GEORGE S. LOCKE,
[SEAL.]                              "GARDNER DAY,
[SEAL.]                              "M. E. BRYANT.

"It is hereby agreed that such person as the committee shall designate shall act in conjunction with Supervisor Perrott in superintending the construction of said bridge, and that additional trestle-work proposed within thirty days shall be added to the above contract at the rate of five dollars per lineal foot.

                    "ALFRED W. BURRELL,
                         "President C. B. Co."

"LOCKEFORD, July 26, 1880.

"The Building Committee of the Lockeford Bridge hereby agree to the building of the amount of trestle-work as specified in the plans and specifications as submitted to the board of supervisors, and on file in their office, making a total of eight hundred and twenty feet of trestle-work, payment to be made in accordance with the contract herein.

"G. C. HOLMAN,
"D. J. LOCKE,
"J. C. KERR,
"M. E. BRYANT."

The work by the contract was to be done under the direction and to the satisfaction of the superintendent (John Perrott), appointed by the board of supervisors of San Joaquin County, in a good and workmanlike manner. The work was done to his satisfaction, and it was so found.

It does not appear that there was any fraud or mistake on the part of Perrott. His judgment is therefore conclusive, and the defendants are not allowed to go behind it. (*Smith* v. *Brady*, 17 N. Y. 177; *Wyckoff* v. *Meyers*, 44 N. Y. 145; *Stewart* v. *Keteltas*, 36 N. Y. 388; *Hudson* v. *McCartney*, 33 Wis. 340.)

The balance due under the contract (three thousand dollars having been paid) was to be paid upon the completion of the work and delivery of the bridge to San Joaquin County. This was done on the 27th of November, 1880, and is substantially so found.

The other facts found, in our view, are immaterial, as the defendants are concluded by the judgment of Perrott.

The plaintiffs have a right to recover the balance under the contract, viz., fifteen hundred dollars, with interest from the 27th day of November, 1880, the day of the delivery of the work, since which time it has been a free county bridge.

There was no error in not finding as to the extra work. This was not assigned to the plaintiffs.

The judgment is reversed and the cause remanded, with directions to enter judgment for the plaintiffs for the balance due as above indicated.

MYRICK, J., and SHARPSTEIN, J., concurred.