[S. F. No. 11647. In Bank.—September 14, 1927.]

## E. J. BROWN, Respondent, v. MINNIE C. AGUILAR, Appellant.

[1] BUILDING CONTRACTS—PERFORMANCE—DELAY IN COMPLETION—EN-CROACHMENTS — VARIATIONS IN DRAWINGS AND SPECIFICATIONS — QUESTIONS OF FACT—APPEAL.—In an action to recover the balance alleged to be due upon a contract to furnish materials and labor for the construction of a building, whether there was a substantial performance of the contract, and whether there was delay in completion, encroachments upon other property, and variations from the drawings and specification are questions of facts upon which the findings of the trial court are conclusive on appeal when supported by proper evidence.

[2] ID. — SUBSTANTIAL PERFORMANCE—DEFINITION. — Substantial performance means that there has been no wilful departure from the terms of the contract, and no omission of any of its essential parts, and that the contractor has in good faith performed all of its substantive terms. If so, he will not be held to have forfeited his right to recover by reason of trivial defects or imperfections in the work performed. If the omission is so slight that it cannot be regarded as an integral or substantive part of the original contract, and the other party can be compensated therefor by a recoupment for damages, the contractor does not lose his right of action; and this rule is peculiarly applicable in a case where the other party has received the benefit of what has been done, and is enjoying the fruits of the work.

[3] ID. — PLEADING — AMENDMENT — REFUSAL OF LEAVE TO AMEND — LACK OF ABUSE OF DISCRETION.—In such an action, there was no abuse of discretion by the court in refusing to allow defendant to file a fourth amendment to her answer, changing the admission therein that a certain party was the architect and agent employed by her to draw plans for and supervise the erection of the building, where the same question had been presented by a demurrer and three subsequent amendments allowed, the faulty allegation having been discussed at length and an amendment having been allowed and made for the express purpose of clarifying the pleading.

1. Substantial performance as question of fact, note, 134 Am. St. Rep. 695. See, also, 6 R. C. L. 972. See 2 Cal. Jur. 921; 2 R. C. L. 194.

2. Substantial performance of building contract, notes, 30 Am. St. Rep. 616; 59 Am. St. Rep. 285; 13 Am. St. Rep. 678; 24 L. R. A. (N. S.) 336. See, also, 6 Cal. Jur. 422; 6 R. C. L. 967-972.

[4] ID.—ADMISSION IN PLEADING—AMENDMENT TO CORRECT—DIS-CRETION.—An application for leave to amend a pleading is addressed to the sound discretion of the court and such application may be denied where no showing is made to justify the exercise of the court's discretionary power; and as a general rule a party will not be allowed to file an amendment contradicting an admission made in his original pleadings, but if it be proper in any case, it must be upon very satisfactory evidence that the party has been deceived or misled, or that his pleading was put in under a clear mistake as to the facts.

[5] ID.—PLEADER BOUND BY ADMISSION.—A pleader is concluded by admissions in his pleading, unless they are withdrawn by amendment.

[6] ID.—EVIDENCE—ARCHITECT'S CERTIFICATE—MISTAKE AND FRAUD—PLEADING.—There was no error in such a case in rejecting evidence offered to prove that the architect's certificates were issued without authority and by gross mistake amounting to fraud, where there was no allegation whatever of fraud in the pleading, or of gross mistake.

[7] ID.—AUTHORITY OF ARCHITECT—ISSUANCE OF CERTIFICATES.—It is held in this case that by the terms of the contract in question the architect was authorized to and did properly issue his certificates for progressive and final payments under the contract.

[8] ID.—DECISIONS OF ARCHITECT—WHEN CONCLUSIVE.—The decision, estimate, or certificate of an architect, engineer, or superintendent, in approving or disapproving the work as a performance of a contract, or in passing on questions relating thereto, is, in the absence of fraud, bad faith, or mistake, conclusive and binding on the parties, where the contract either in express terms provides that it shall be final and conclusive or in plain language shows that it was the intention of the parties that the person to whom the question is submitted should be the final arbiter thereof.

(1) 4 C. J., p. 879, n. 83.   (2) 9 C. J., p. 739, n. 23, p. 741, n. 29. (3) 31 Cyc., p. 372, n. 24, p. 422, n. 12.   (4) 31 Cyc., p. 368, n. 9, p. 422, n. 12, p. 423, n. 13.   (5) 31 Cyc., p. 87, n. 64.   (6) 9 C. J., p. 874, n. 12; 27 C. J., p. 28, n. 50.   (7) 9 C. J., p. 766, n. 57.   (8) 9 C. J., p. 772, n. 27.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Geo. H. Cabaniss, Judge. Affirmed.

4.   See 21 Cal. Jur. 181; 21 R. C. L. 572.
5.   See 21 Cal. Jur. 156; 21 R. C. L. 562.
8.   Conclusiveness of certificate of architect or engineer, notes, 56 Am. St. Rep. 312; 10 Ann. Cas. 575; Ann. Cas. 1913A, 180. See, also, 3 Cal. Jur. 109; 6 R. C. L. 962.

The facts are stated in the opinion of the court.

Dahlin & Jackson for Appellant.

Cooley & Gallagher for Respondent.

PRESTON, J.—By the complaint in this action it is alleged that on June 29, 1922, plaintiff's assignor, a contractor, entered into a written agreement with defendant whereby said contractor agreed to furnish the necessary labor and materials required for the construction of a one-story brick and concrete garage in San Francisco, and said defendant agreed to pay to the contractor therefor the sum of $3,000; that said contractor furnished the necessary labor and materials and constructed said garage and fully performed all of the terms and conditions of said agreement on his part to be performed, "except such, if any, as were waived or changed by defendant; and that one Frank S. Holland, who was the architect and agent employed by defendant to draw plans for and supervise the construction of said garage, after the completion of said garage issued as such architect, his certificate stating that the final payment was due under said agreement, and during the progress of said construction issued his certificate for the two progressive payments as provided in said agreement"; that defendant entered into possession of the garage and paid on account of said $3,000 the sum of $1,000, leaving a balance of $2,000 due, owing and unpaid; that said contractor duly assigned said agreement and all rights thereunder to this plaintiff, wherefore plaintiff prayed judgment against said defendant in amount of $2,000.

Defendant filed an answer, counterclaim, and cross-complaint; also first, second, and third amended answers. The articles of agreement signed by defendant and said contractor are set forth in full in paragraph I of the third amended answer. It is further alleged therein that said garage was not constructed in accordance with the terms, plans or specifications of said agreement; that inferior and unsuitable materials were used; that the garage building was negligently and carelessly erected partly upon land of the next adjacent property owner, necessitating reconstruction or removal by defendant; that defendant, by reason of failure

of said contractor to complete said building within the stipulated time, lost $450 in prospective rentals, covering a period of eighteen months. Said pleading "admits that one Frank S. Holland who was the architect and agent employed by defendant to draw plans for and supervise the erection of said garage issued his certificate stating that the final payment was due under said agreement and during the progress of said construction issued his certificates for two progressive payments as provided in said agreement," but it is alleged that said certificates were issued by said architect improperly and in error.

The court found for plaintiff on all points. It found that the garage was properly constructed, without encroaching upon the adjacent owner's property; that proper materials were used; that the delay in completion was excusable, being due to inclement weather and to obstructive action of labor organizations; that there was no evidence showing loss of prospective rentals; that said architect during the progress of said construction properly issued his certificate for the two progressive payments as provided in said agreement, and properly issued his certificate stating final payment was due; and that such slight changes as were made in the specifications were made by defendant, through said architect. Judgment was accordingly rendered for plaintiff in amount of $2,236.88.

[1] The first question is: Did the contractor fully perform, or at least substantially perform, said contract so as to enable respondent to recover under the doctrine of substantial performance? Appellant sets forth much testimony in an effort to show delay in completion, improper encroachment and many other variations from the drawings and written specifications. These are all questions of fact upon which we are bound by the findings of the trial court when supported by proper evidence. In other words, it is unnecessary for us to review the testimony at length herein. It is sufficient to state that there is evidence in abundance to support the findings, and each of them, and they are, therefore, conclusive upon appeal as to these matters.

Furthermore, it would seem that there was indeed such a performance by the contractor of his obligations under the contract as would entitle respondent to recover under the doctrine of substantial performance. This doctrine is well

stated in the following quotation from *Connell* v. *Higgins,*
170 Cal. 541, 556 [150 Pac. 769, 774], in which case a similar
situation was involved: ''The criticism is that the jury were
not informed what was meant by the term substantial per-
formance and that they were, therefore, left to infer, if they
chose, that if the plant, as constructed, would do the work
which the owner desired it to do, the plaintiff could recover
as for completion, altho it might, in many particulars, vary
from the plans and specifications, or lack completion as the
plans and specifications required. The defendant did not
offer any instruction on this subject, as he might well have
done. The definition of substantial performance is difficult
to give in general terms. It is usually a question to be de-
termined in each case with reference to the existing facts
and circumstances. In 2 Elliott on Contracts, section 1607,
it is defined as follows (p. 912):

[2] '' 'Substantial performance means that there has
been no wilful departure from the terms of the contract,
and no omission of any of its essential parts, and that the
contractor has in good faith performed all of its substantive
terms. If so, he will not be held to have forfeited his right
to recovery by reason of trivial defects or imperfections
in the work performed. If the omission is so slight that it
cannot be regarded as an integral or substantive part of
the original contract, and the other party can be com-
pensated therefor by a recoupment for damages, the con-
tractor does not lose his right of action; and this rule is
peculiarly applicable in a case where the other party has
received the benefit of what has been done, and is enjoying
the fruits of the work. It is the sound and settled rule that
the right of a party to enforce a contract will not be for-
feited or lost by reason of technical inadvertence, or unim-
portant omissions or defects. A substantial performance
must be established, in order to entitle the party claiming
the benefit of the contract to recover; but this does not mean
a literal compliance as to the details that are unimportant.
There must be no wilful or intentional departure and the
defects of performance must not pervade the whole or be
so essential as substantially to defeat the object which the
parties intend to accomplish. Whether, in any case, such
defects or omissions are substantial, or merely unimportant
mistakes that have been or may be corrected, is generally a

question of fact.' This we believe to be a correct statement of the law on the subject.''

As above stated, this being a question of fact, and the court having found that said contractor furnished the necessary labor and materials and constructed said garage and fully performed all the terms and conditions of said agreement on his part to be performed, and having further found that the slight changes in the specifications were made by defendant, through her architect, and there being proper evidence to support such findings, they are conclusive upon appeal, and entitle respondent to recover on the ground of substantial if not complete performance.

Appellant's chief complaint, however, centers around the issuance of the above-mentioned certificates by the architect accepting said construction work as satisfactory under the agreement. If the architect did in fact have power to authorize the various changes in the specifications and in the character and selection of materials and labor and to extend the time within which the building was to be completed, and if the said certificates were properly issued by him, then indeed is every claim of appellant defeated.

[3] Appellant contends that the court abused its discretion in refusing to allow her to file a fourth amendment to her answer changing the admission therein that Frank S. Holland was the architect and agent employed by her to draw plans for and supervise the erection of the garage. In refusing leave to amend a fourth time it was recalled that the same question in a way had been previously presented on demurrer; that three subsequent amendments to the answer had been permitted, and the court also said: '' . . . I am all the more averse to allowing you to amend, first, on the broad, general proposition that when counsel's attention was called to the faulty allegation, it was discussed plainly and clearly and at length, and he was given leave to amend, and did amend with the express view to clarify the pleadings in that one regard, and if after having done so, the pleading does not plead just what he sought to have it express, unless there is some overwhelmingly strong equitable consideration involved, he should be forced to stand on it. All the more is that so, where as here, it is essentially a technical point. In other words, if this work was done as it ought to have been done under that contract, and if that work has not been

paid for, then this plaintiff should recover, and no technical defense will be permitted to stand in his way, except in so far as the law is supposed to accept such defenses. I recognize the pleading, as does plaintiff's counsel, as being practically a statement or admission, whatever its form may be, that the architect mentioned was at all times the architect and agent, so to speak, of the defendant.''

[4] An application for leave to amend is addressed to the sound discretion of the court and such application may be denied where no showing is made to justify the exercise of the court's discretionary power (21 Cal. Jur., sec. 126, pp. 181, 182'). The rule is stated in 31 Cyc. 422 as follows: ''As a general rule a party will not be allowed to file an amendment contradicting an admission made in his original pleadings. If it be proper in any case, it must be upon very satisfactory evidence that the party has been deceived or misled, or that his pleading was put in under a clear mistake as to the facts.'' (See, also, *Bank of Woodland* v. *Heron*, 122 Cal. 107, 110 [54 Pac. 537], and cases there cited.) We hold that here there was no abuse of discretion by the court, but that on the contrary he acted wisely in denying the application. Appellant is, therefore, bound by said admission of fact in her third amended answer. ''While a pleader is not bound by allegations of evidence or conclusions of law, he is concluded by material averments of his pleading, and may not, as a rule, prove facts contrary thereto. . . . [5] A pleader is likewise concluded by admissions in his pleading, unless they are withdrawn by amendment.'' (21 Cal. Jur., sec. 5, p. 16; see, also, *Howard* v. *Throckmorton*, 48 Cal. 482, 490; *Brusie* v. *Gates*, 96 Cal. 265, 268 [31 Pac. 111]; *People* v. *Stockton & Copperopolis R. R. Co.*, 49 Cal. 420.)

[6] Appellant next complains of the court's refusal to permit her to adduce evidence to prove that the architect's certificates were issued without authority and by gross mistake amounting to fraud. This contention is likewise without merit, as it is a well-known rule that the facts constituting an alleged fraud must be pleaded. Here there is no allegation whatsoever of fraud in the pleadings, or of gross mistake. As stated in 12 Cal. Jur., section 62, pages 800–802': ''Fraud is never presumed. Whenever fraud constitutes an element of action or defense which is of an affirmative nature

the facts must be alleged. One against whom charges of fraud are made is entitled to specific averments of the acts of which he is accused, so that he may admit or deny them, and thus present real issues. This is the rule whether the fraud relied on is actual or constructive. It is not, therefore, sufficient to allege fraud in general terms; such allegations are merely of conclusions which the pleader is not permitted to draw and which present no issuable facts."

[7] The only question remaining is whether under the contract and the authority granted thereby, said certificates were properly issued by said architect and are binding upon appellant and conclusive. In this regard, the written contract, which is pleaded *in haec verba* by defendant in her third amended answer, contains the following provisions: That the work is to be done "in conformity with the plans, drawings and specifications for the same made by Frank S. Holland the authorized Architect employed by the owner, . . . "; and that "the work is to be done and the materials furnished in accordance therewith under the direction and subject to the approval of said Architect . . . "; again, "that when each payment or installment shall become due, and at the final completion of the work, certificates in writing shall be obtained from the said Architect, stating that the payment or installment is due or work completed, as the case may be, and the amount then due; and the said Architect shall at said times deliver said certificates under his hand to the Contractor, or in lieu of such certificates, shall deliver to the Contractor in writing, under his hand, a just and true reason for not issuing the certificates, including a statement of the defects, if any, to be remedied, to entitle the contractor to the certificate or certificates. And in the event of failure of the architect to furnish and deliver said certificates, or any of them, or in lieu thereof the writing aforesaid, within three days after the times aforesaid, and after demand therefor made in writing by the Contractor, the amount which may be claimed to be due by the Contractor, and stated in the said demand made by him for the certificate, shall, at the expiration of said three days, become due and payable and the Owner shall be liable and bound to pay the same on demand"; and lastly, "Should the Owner or Architect, at any time during the progress of the work, request any alterations or deviations in, additions

to, or omissions from, this contract or the plans or specifications, either of them shall be at liberty to do so, and the same shall in no way affect or make void this contract; but the amount thereof shall be added to, or deducted from, the amount of the contract price aforesaid, as the case may be, by a fair and reasonable valuation. And this contract shall be held to be completed when the work is finished in accordance with the original plans, as amended by such changes whatever may be the nature or extent thereof. . . . " Paragraph 4 of the general conditions in the specifications provided: "All dealings between the owner and contractor to be transacted through the offices of the architect whose decision as to the character and selection of any materials or labor furnished, or interpretation of the drawings and specifications, to be final and conclusive to both the owner and contractor." Mr. Holland, the architect, testified that at the time he issued the final payment certificate and delivered it, the work had been completed to his satisfaction according to the plans and specifications and that whatever changes were made in the garage building were made at his suggestion and with his approval. His testimony was corroborated by that of other witnesses.

[8] It will be noted that although the contract does not state in so many words that the certificates of the architect are to be final and conclusive, yet such is clearly the import of the above-quoted provisions. The rule is stated in 9 Corpus Juris, 722, as follows: "The decision, estimate or certificate of an architect, engineer, or superintendent, in approving or disapproving the work as a performance of a contract, or in passing on questions relating thereto, is in the absence of fraud, bad faith, or mistake, conclusive and binding on the parties, where the contract either in express terms provides that it shall be final and conclusive or in plain language shows that it was the intention of the parties that the person to whom the question is submitted should be the final arbiter thereof; . . . "

The case of *Moore* v. *Kerr*, 65 Cal. 519 [4 Pac. 542], involved a building contract, which provided merely that the work was to be done "under the direction and to the satisfaction of the superintendent appointed by said board." The court said: "The work was done to his satisfaction, and it was so found. It does not appear that there was any

fraud or mistake on the part of Perrott. His judgment is therefore conclusive, and the defendants are not allowed to go behind it. (*Smith* v. *Brady,* 17 N. Y. 177 [72 Am. Dec. 442]; *Wyckoff* v. *Meyers,* 44 N. Y. 145; *Stewart* v. *Keteltas,* 36 N. Y. 388; *Hudson* v. *McCartney,* 33 Wis. 340.)''

In the case of *Dingley* v. *Greene,* 54 Cal. 333, it was held that where the contract provided that payments should be made on the certificate of the architect, his certificate was conclusive of the rights of all parties concerned, unless it could be shown that it was obtained by the owner by collusion or fraud. See, to the same effect, *Gray* v. *Cotton,* 166 Cal. 130 [134 Pac. 1145].

In the case of *Connell* v. *Higgins, supra,* the facts were similar to those in the case at bar. Connell and Higgins executed a written contract for the construction of a building and installation of a power plant therein, said contract providing that ''the work should be done according to the plans and specifications and to the satisfaction of 'A. L. Haley, Architect, Inc.,' and one Martin, an engineer.'' There, as here, the questions of unreasonable delay in completion of the structure, conclusiveness of the architect's certificates, and lack of substantial performance were involved. The court charged the jury that if they should find that the architect and engineer ''*correctly* certified to the owner that the plaintiff had failed and refused to supply a sufficiency of properly skilled workmen, or material of the proper quality, as provided in said contract, or to pursue the work with promptness or diligence and that the plant was unsound and improper,'' and that such refusal and neglect afforded sufficient ground for the termination of the contract, then defendant was justified in terminating same and had a right to deduct from the unpaid portion of the contract price all expenses necessarily incurred by him in the completion of the work to make it conform to the contract. There was a conflict of evidence on the question whether or not Connell had neglected to supply skilled workmen and proper materials, and had prosecuted the work diligently. The court said: ''This instruction was clearly erroneous. The question of the effect of such a certificate under the provisions of this contract was considered in *American-Hawaiian etc. Co.* v. *Butler,* 165 Cal. 504 [Ann. Cas. 1916C, 44, 133 Pac. 280]. At page 513 (133 Pac. 286),

the court says: 'It is well settled that where the parties to a building contract thereby authorize the architect, as arbiter, to determine and certify the existence of a fact when such fact becomes material to a proceeding under such contract, the certificate of the architect, duly made, that the fact exists, is conclusive upon the parties with respect to the thing to be done to which such fact relates, or as to which, under the proceeding, it is to affect the rights of the parties and that such certificate can be impeached as to such facts only for fraud, or for gross mistake amounting to fraud. (*Dingley v. Greene,* 54 Cal. 333; *Moore* v. *Kerr,* 65 Cal. 519 [4 Pac. 542]; *City Street Imp. Co.* v. *Marysville,* 155 Cal. 419 [23 L. R. A. [N. S.] 317, 101 Pac. 308].) . . . ' In the case at bar the certificate and notice were in proper form. The certificate could not be impeached by merely showing that it was incorrect. . . . The instruction practically said to the jurors that if they believed from the evidence before them that the architect and engineer had not correctly decided the question, they were at liberty to disregard the certificate and refuse to allow to Higgins the expense of completing the work to which he would have been entitled. Such, as we have seen, is not the law. The certificate is conclusive unless it is impeached by showing that it was made fraudulently or in bad faith, or under some mistake with regard to a material fact . . . The court below should, at least, have instructed the jury that the certificate was conclusive unless they found from the evidence that it was given fraudulently.''

It cannot be doubted that by the terms of the contract in this case, the architect was authorized to and did properly issue the said certificates and under the above authorities it is also our opinion that said certificates are binding upon appellant and conclusive.

Judgment affirmed.

Richards, J., Shenk, J., Langdon, J., Curtis, J., Waste, C. J., and Seawell, J., concurred,