[S. F. No. 15066. In Bank.—April 9, 1935.]

AMERICAN TRUST COMPANY (a Corporation), Respondent, v. MABEL L. CORYELL et al., Appellants.

Robert R. Moody and Young, Hudson & Rabinowitz for Appellants.

Albert Mansfield and Joseph Farry for Respondent.

LANGDON, J.—This is an action for declaratory relief with respect to a trust agreement.

Defendant Mabel L. Coryell owned a tract of land which she desired to subdivide, improve and sell. Defendant Ralph R. Strange advanced certain sums of money to her for this purpose. George A. Kneese, an engineer, was employed by defendant Coryell to prepare plans and specifications for the development, including construction of streets, sidewalks, sewers, etc. Kneese then took bids for the work and on March 21, 1928, the defendant Peninsula Paving Company entered into a contract with defendant Coryell to do the work. On the same day the trust agreement involved herein was made. By its terms title to the land was conveyed to plaintiff as trustee; work was to be performed in accordance with the plans and specifications of Kneese; all sums due under the construction contract were to be payable within two years after completion of the work; upon completion, Kneese was to certify to the trustee the amount payable to the construction company, and Kneese's certificate was to be binding on all parties; proceeds of the sale of lots were to be applied to payment for the work, but in any event defendant Coryell agreed to make full payment on or before two years after completion; in case of default by said defendant for ten days after notice thereof by registered mail, the trustee had power to foreclose all her right, title and interest in the property. This agreement was executed by defendant Coryell, plaintiff, defendant Peninsula Paving Company, and defendant Strange.

Performance was commenced, and the work completed in September, 1930. Notice thereof was given to the plaintiff in May, 1931, and in June of that year the paving company served notice on the trustee to proceed to sell the property for nonpayment. Defendant Coryell objected, claiming that she was not in default. Defendant Ralph Strange claimed preferential rights under the agreement, and defendant Edith Strange claimed certain rights by assignment from Ralph Strange. The trustee then brought this proceeding, seeking to determine whether foreclosure should be had, and in such event, what were the interests of the respective parties. The cause was tried in April, 1933, and the court decreed that the sum of $107,217.90 was due the paving company from defendant Coryell; that the property should be sold by the trustee; that the claim of the paving company should first be paid, then that of Ralph R. Strange, and

any surplus should go to defendant Coryell; and that if the property failed to realize the sum owed, a deficiency judgment should be entered against defendant Coryell. Said defendant brought this appeal. Defendant Strange also appealed. Both appellants make the same point, namely, that the evidence does not support the essential findings of the trial court.

 The position of defendants is that the paving company never became entitled to the money because it never completed the work in accordance with the contract; and they point chiefly to the fact that the pavement has since settled and cracked, and is in poor condition. Although the agreement provides that the engineer's certificate of satisfactory completion shall be conclusive on all parties, and Kneese gave such certificate, the defendants contend that the provision is not binding because of the fraud of Kneese.

The evidence produced by defendants fails to support their position. There is no direct showing of fraud on the part of Kneese. Instead, defendants point to the present bad condition of the paving and assert that a certificate of satisfactory completion in such case must necessarily have been given with fraudulent intent, or by such culpable negligence as to amount to constructive fraud. This contention is manifestly unsound. It is entirely possible, for example, that the work was done in full compliance with the plans and specifications, and that the resulting pavement cracks and settlement were due to adverse soil conditions. This was, indeed, the purport of the testimony of a number of witnesses called by the paving company, who were familiar with the job from its inception. The witnesses for defendant Coryell, who testified that the cause of the defective paving was improper performance, were giving opinions based upon observation long after the job was completed. It might be possible, also, that the defective condition which was conceded to exist at the time of trial was in part a result of the complete lack of maintenance or care during the several years which followed the completion of the work. There is thus disclosed a substantial conflict in the evidence and several possible causes for the present defective pavement, and in this state of the record we cannot draw the inference of fraud which the trial court has refused to do.

Appellants predicate fraud upon the additional ground that Kneese failed properly to supervise the job in that he delegated his duties to assistants. It is, of course, perfectly proper to delegate some of the work of supervision to qualified subordinates, and the evidence also shows that Kneese was at the job himself on numerous occasions.

There being no other evidence suggestive of fraud on the part of Kneese the contract provision making his certificate conclusive is a complete defense against defendant Coryell's claim that the work was never completed in a satisfactory manner. (*Brown* v. *Aguilar*, 202 Cal. 143 [259 Pac. 735]; *Rialto Construction Co.* v. *Reed*, 17 Cal. App. 29 [118 Pac. 473]; *City Street Improvement Co.* v. *Marysville*, 155 Cal. 419 [101 Pac. 308, 23 L. R. A. (N. S.) 317].)

No other points require discussion. The judgment is affirmed.

Curtis, J., Waste, C. J., Shenk, J., Preston, J., Thompson, J., and Seawell, J., concurred.