SCHOTTKY, J.
 

 Plaintiff has appealed from an adverse judgment in an action in which plaintiff sought to recover damages from defendant Downer Corporation and its surety, Pacific Indemnity Company, for alleged breach of contract. Plaintiff alleged in substance that the Downer Corporation had failed to conform to the plans and specifications set forth in its contract with plaintiff to build a sewer line; that Downer Corporation deliberately failed to make proper joints and falsely represented that all joints were properly made,- that the district engineer relied on the representations and was unable to discover their falsity; and that the falsity of the representations was not discovered until within three years before the filing of the complaint. Defendants’ answer denied the material allegations of the complaint and pleaded the statute of limitations and laches.
 

 In 1948 the Hagginwood Sanitary District sought bids for the construction of sewer lines in the district. Downer Corporation submitted the accepted bid and thereafter entered into a contract with Clyde C. Kennedy as engineer of the Hagginwood Sanitary District to perform the work. The contract provided that Downer Corporation would do all the work in a good and workmanlike manner under the direction and to the
 
 *758
 
 satisfaction of the district engineer and in accordance with the plans and specifications. The plans and specifications provided in part:
 

 “1-12.
 
 Materials and workmanship. . . .
 
 All work shall be done and completed in a thoroughly workmanlike manner, . . .
 

 “All defective work or materials shall be removed from the premises by the Contractor, . . . , and shall be replaced or renewed in such manner as the Engineer may direct. All material and workmanship of whatever description shall be subjected to the inspection of, and rejection by, the Engineer if not in conformance with the specifications.
 

 “Any defective material or workmanship, or any unsatisfactory or imperfect work which may be discovered before the final acceptance of the work or within one (1) year thereafter, shall be. corrected immediately on the requirement of the Engineer, . . . , notwithstanding that it may have been overlooked in previous inspections. . . . Failure to inspect work shall not relieve the Contractor from any obligation to perform sound and reliable work as herein described.
 

 “1-15.
 
 Specifications and drawings.
 
 ... It shall be the duty of the Contractor to see that the provisions of these specifications are complied with in detail irrespective of the inspection given the work during its progress by the authorized official or his representatives. Any failure on the part of the Contractor to observe the specifications will be sufficient cause for the rejection of the work at any time before its acceptance.
 

 “1-27. Definitions..........
 

 “Engineer: . . .
 
 On all questions concerning the acceptability of . . . the work, the decision of the Engineer, and his duly authorized assistants and inspectors working under his direction, shall be final.”
 

 The work was performed by Downer Corporation. On March 29, 1950, after a complete inspection by the district engineer of the work performed by Downer Corporation the district accepted the work.
 

 Following a trial before the court sitting without a jury, the court found in substance that neither defendant Downer Corporation nor its employees were guilty of any fraudulent or unfair conduct to plaintiff or plaintiff’s engineer or made any false representations; that the contract provision that any defective material or workmanship or any unsatisfactory work
 
 *759
 
 which was discovered before the final acceptance of the work, or within one year thereafter, related only to defects pointed out within one year after final acceptance; that no defects were pointed out to Downer Corporation; that the contract contained a provision that all work was to be done under the direction and to the satisfaction of the district engineer and a provision that on all questions concerning the acceptability of the work the decision of the district engineer was final; that the intent of the written contract agreement was that final acceptance of the job would relieve Downer Corporation from any further liability; and that plaintiff district had accepted the work of Downer Corporation. The court also found the plaintiff’s causes of action were barred by sections 338, subdivision 4, and 337, subdivision 1, of the Code of Civil Procedure. Judgment was entered in accordance with the findings.
 

 While appellant has made numerous contentions, the substance of its appeal is that the evidence does not support the findings and judgment. There was considerable conflict in the evidence produced at the trial. Walter Hatch who became the superintendent of the district after Downer Corporation had completed the work, but before it was accepted, discovered after it began to rain that the sewer lines were infiltrated with water. The following summer after making a test on part of the lines installed by Downer Corporation the superintendent learned that water was infiltrating the sewer line, indicating that there was leakage in the system. In 1953 a small part of the line was uncovered and five leaks were found in the six joints which were visible. The joints were open at the bottom showing that cement had not been placed around the entire joint. Additional repairs were made of other leaking joints in 1953. In 1956 and 1957 three blocks of the sewer line were dug up and replaced because of excessive water entering- the line. Again the joints were found to be leaking on the bottom. Hatch also testified that when he inspected the connections to the sewers he found broken bells (a description of a portion of the pipe) and cement inside the pipe. In cleaning out the sewer line difficulty was encountered because of cement in the line. Hatch took several of the joints apart and discovered that no oakum as required by the specifications had been used in the joints.
 

 The work was done under the direction and subject to the inspection of the district engineer. The work was approved and accepted. The evidence disclosed that Kennedy,
 
 *760
 
 the district engineer, had inspectors on the job. There was testimony that these inspectors inspected the work done by Downer Corporation. (This does not mean that they inspected each joint but rather that all work was subject to inspection.) They were satisfied that the work was being properly done. In the opinion of the resident engineer the infiltration came from the lateral connections to the sewers.
 

 Opposed to the testimony of the resident engineer and one of the inspectors was the testimony that the workmen were not properly sealing the joints; that the workmen were notified when the inspectors were approaching and that at such time the workmen would work carefully; that oakum was pushed under the pipe but not inserted in the joint as it should have been; and that pipe was laid in water and thick mud.
 

 The foregoing summary of the evidence is sufficient to show that it was highly conflicting. Other portions of the evidence will be referred to hereinafter.
 

 It is the rule in this state that the decision of an engineer or superintendent approving or disapproving the work as performed under a contract is in the absence of fraud, bad faith or mistake conclusive and binding on the parties where the contract either expressly provides that it shall be final and conclusive or in plain language shows that it was the intention of the parties that the person to whom the question is submitted shall be the final arbiter of it.
 
 (Brown
 
 v.
 
 Aguilar,
 
 202 Cal. 143 [259 P. 735].) We think that the rule is applicable to the instant case. The district engineer was given the final decision as to the acceptability of the work. All the work had to be done to his satisfaction. Prom the provisions set forth previously, we think that the contract did provide that it was the intention of the parties that his decision be final. The failure of the district to point out any defects in the work within one year of the date following final acceptance precludes it from asserting improper performance except insofar as fraud or gross mistake is concerned.
 
 (City Street Imp. Co.
 
 v.
 
 City of Marysville,
 
 155 Cal. 419 [101 P. 308, 23 L.R.A.N.S. 317].)
 

 We shall next consider the question of whether the evidence sustains the finding that no fraud or misrepresentation was proved. It is well settled that fraud is never presumed and that a party asserting fraud must prove it by clear and convincing evidence. Whether fraud has been proved in a case is usually a question for the trial court to determine,
 
 *761
 
 and where the evidence is conflicting the determination of the trial court must be upheld.
 
 (Noll
 
 v.
 
 Baida,
 
 202 Cal. 98 [259 P. 433].)
 

 The resident engineer testified that either he or his inspectors inspected the work done by the contractor. He was of the opinion that the contractor did a first-class job. Downer Corporation’s foreman testified that the pipe was laid in accordance with the plans and specifications and under the supervision of the resident engineer and his inspectors. He testified that the inspectors inspected every bit of pipe laid and also that none of the pipe was ever laid in water.
 

 It is clear from the evidence related that the inspectors could and did watch the work being done and that they should have seen whether or not the work was being done in a proper manner. The evidence does not compel a conclusion that Downer Corporation was guilty of fraud. Nor is there evidence that the district engineer was guilty of fraud in accepting the work. Under such circumstances the acceptance of the work was a complete defense.
 
 (American Trust Co.
 
 v.
 
 Coryell,
 
 3 Cal.2d 151 [43 P.2d 1102].)
 

 No other points raised require discussion.
 

 As we view the matter, the instant ease was primarily one of fact, and we are satisfied that the court’s finding in favor of respondents is amply sustained by the record.
 

 The judgment is affirmed.
 

 Van Dyke, P. J., and Warne, J. pro tern.,
 
 *
 
 concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied June 8, 1960.
 

 *
 

 Assigned by Chairman of Judicial Council.