[Civ. No. 10069.   Third Dist.   Apr. 18, 1961.]

FRANK RUBINO et al., Appellants, v. BOARD OF TRUS-TEES OF CURTIS CREEK SCHOOL DISTRICT, TUOLUMNE COUNTY, Respondent.

Forrest E. Macomber and Gordon J. Aulik for Appellants.

Scott K. Carter, District Attorney, for Respondent.

SCHOTTKY, J.—Frank Rubino and Norman A. Gullick-son, copartners doing business under the firm name and style

of Rubino and Gullickson, have appealed from a judgment denying them recovery in the amount of $973.40 in an action brought against the Curtis Creek School District to recover for alleged extra work under a contract. The appeal is on the judgment roll.

In July 1957, Rubino and Gullickson entered into a written contract with the Board of Trustees of the Curtis Creek School District in Tuolumne County for the construction of a school plant and a playground for the sum of $354,170. The original plans called for the playground to be perfectly flat, but the plans were changed to provide for the playground to be sloped. The change order also called for a change in the design in the drainage system. The plans for the project required that the contractor construct a 24-inch ditch around the perimeter of the playground area. The contractors, in accordance with the requirements of the plans, constructed a "V"-shaped ditch along the west side of the playground for drainage purposes. Beyond the west side of the playground a pump was installed and in order to facilitate crossing the ditch one of the subcontractors placed a piece of 8-inch well casing in the ditch and covered it over to provide a path. This well casing was left in the ditch and not removed when the completed work was accepted on August 13, 1958. In January 1959, there were heavy rains in the area with the result that the upstream end of the well casing became clogged with silt and the ditch overflowed and washed out a portion of the playground.

The trial court found that "the proximate cause of the damage to the southwest corner of the playground area was the overflowing of the water from the ditch due to the inadequacy of the eight-inch well casing to carry the flow of the ditch." The court found further that the school district "ordered Plaintiffs to repair the damage aforesaid in January, 1969 [sic], maintaining that this damage was caused through the fault of the Plaintiffs; that Plaintiffs disclaimed any responsibility for the damage but, without admitting liability or responsibility and because it was raining and in order to avoid additional damages, the Plaintiffs caused repairs to be made." The repairs cost $973.40 and this action was brought to recover this amount. As stated recovery was denied.

Appellants contend that acceptance of the work precludes recovery on behalf of the school district for any later discovered defects. Appellants rely on cases such as *City Street Improvement Co.* v. *City of Marysville*, 155 Cal. 419 [101

P. 308, 23 L.R.A. N.S. 317], and *Hagginwood Sanitary District* v. *Downer Corp.,* 179 Cal.App.2d 756 [3 Cal.Rptr. 873]. Both involved contracts with provisions to the effect that the work was to be done under the direction and to the satisfaction of an engineer. Both held that acceptance by the engineer were proved. In *Hagginwood Sanitary District* v. *Downer* precluded recovery for any defective work except if fraud *Corp., supra,* the court stated at page 760: "It is the rule in this state that the decision of an engineer or superintendent approving or disapproving the work as performed under a contract is in the absence of fraud, bad faith or mistake conclusive and binding on the parties where the contract either expressly provides that it shall be final and conclusive or in plain language shows that it was the intention of the parties that the person to whom the question is submitted shall be the final arbiter of it. (*Brown* v. *Aguilar,* 202 Cal. 143 [259 P. 735].)"

We do not believe that the decisions relied upon by appellants are determinative of the instant appeal. The appeal is on the judgment roll and the contract is not a part of the record. The question of whether the acceptance operated as a discharge of the defectively performed contract was a question of fact for the trial court to resolve (see 5 Corbin on Contracts, § 1245), and we must assume that the evidence supports the findings and judgment of the court denying recovery.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 14, 1961.